### W. R. GRACE AND COMPANY *vs.* SHAGHALIAN'S INCORPORATED.

Suffolk.    December 4, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil*, New trial, Exceptions.

A party to an action has no right to raise on a hearing of a motion for a new trial questions which might have been raised at the trial, and no question of law is raised by an exception to a refusal by a judge to allow a motion grounded upon such a question.

Action of a trial judge on a motion for a new trial will not be set aside unless it amounts to an abuse of judicial discretion or excess of jurisdiction or some similar gross error.

On a motion for a new trial of an action of contract, grounded in part on a calculation that the verdict must have included erroneously certain items which should have been omitted, the judge ordered in substance that if the plaintiff would remit a sum equal to those items, the motion would be denied, and that otherwise there should be a new trial confined to the question of damages. The plaintiff remitted the sum named in the order. The defendant excepted to the order as made. *Held*, that the apparent inclusion in the verdict of the items in question did not manifest such mistake, error, misunderstanding, dereliction of duty or abuse of trust on the part of the jury as to taint the validity of its action as a whole as matter of law, nor did it as matter of law require that the judge, in the exercise of his judicial discretion, should order a new trial.

CONTRACT for the purchase price of peanuts alleged to have been sold by the plaintiff to the defendant under a contract in writing. Writ dated December 27, 1920.

In the Superior Court, the action was tried before *Irwin*, J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $4,175.29. The defendant filed a motion for a new trial on the following grounds:

"1. That the verdict is against the evidence and the weight of the evidence.

"2. That the verdict is against the law.

"3. That the verdict is against the instruction of the court wherein the court instructed them: 'If the jury find that the peanuts, when examined by the defendant on arrival, were not merchantable in the sense that they were not suitable for the purpose for which they were understood to be used by defendant, then the jury will return a verdict in favor of the defendant.' There was a matter of law, no evidence upon which the jury could find that the peanuts as delivered were suitable to the purpose for which they were understood to be used by the defendant.

"4. That the verdict is against the instruction of the court wherein the court instructed the jury that if the peanuts that were delivered were of a grade inferior to the grade of the sample shown to defendant at the time of the purchase, then the jury should find that the defendant was warranted in

rejecting the shipment and the verdict should be for the defendant. That as a matter of law, there was no evidence in the case that the peanuts as delivered were of the grade of the sample.

"5. That the damages as found by the jury are excessive.

"6. That the finding of the jury is contrary to the law of the case as to the question of damages.

"7. That the finding of the jury is contrary to the instruction of the court to the jury in substance as follows: 'If the jury should reach the question of damages, then the measure of damages in the case is the difference between the contract price, and the market value of the peanuts on September 7, or 8, 1920, the date of delivery.

"8. That the jury's finding as to the amount of damages is based upon the amount claimed in the declaration; that such amount is not supported by the evidence in the case or by the law of damages at common law or as expressly directed by the court. That to reach such amount the jury had to charge against the defendant the cost of cartage and storage charges, $431.37; insurance, $4.12; demurrage and handling charges, $95.41; that there was no proof in the case in support of any such claim; that the law of damages is contrary to the allowance of any such charges."

The trial judge ordered that "if the plaintiff shall within ten days from the date hereof remit from the amount of the verdict the sum of $530.90 the within motion is denied. Otherwise the motion is granted and a new trial ordered such trial to be limited to only the question of damages."

The defendant alleged exceptions.

*W. B. Grant,* (*H. E. Whittemore* with him,) for the defendant.

*R. H. Oveson,* for the plaintiff.

RUGG, C.J. This is an action of contract to recover the price of twenty tons of 1919 crop fair average quality ungraded Chinese shelled peanuts. The peanuts were sold by written contract. The defendant refused to accept or receive them on the ground that they did not correspond to a "type sample" shown at the time the contract was made. The case was tried to a jury. No exceptions were saved by

the defendant at the jury trial. The verdict was in favor of the plaintiff in the sum of $4,175.29. The defendant thereupon filed a motion for a new trial on numerous grounds. One of these was founded on a calculation to the effect that the verdict as returned must have included specified items for cartage and storage, insurance, demurrage and handling charges aggregating a certain amount. The judge denied the motion for a new trial, provided the plaintiff would remit that amount, which it did.

The defendant thereupon filed this bill of exceptions touching the disallowance of its motion for a new trial. It is familiar law that a party cannot raise on a hearing of a motion for a new trial questions which might have been raised at the trial. It is the general rule that the disposition of a motion for a new trial rests in sound judicial discretion. The action of the trial judge on such a motion will not be set aside unless it amounts to an abuse of judicial discretion or excess of jurisdiction or some similar gross error.

The judge in the case at bar made no rulings of law nor findings of fact. He simply denied the motion provided the plaintiff remitted the stated amount. It is manifest that a denial of the motion in respect to its grounds that the verdict was against the evidence and the weight of the evidence, and against the law, that it was excessive and contrary to the law as to damages, opens to the defendant no question of law at this stage of the case. The ground that there was no evidence that the peanuts were suitable for the purpose for which they were understood to be used by the defendant also presents no question of law at present. That question of law could have been raised by appropriate request for an instruction to the jury. Moreover, the only evidence that that purpose was made known to the plaintiff came from the defendant. The agent who made the sale for the plaintiff denied that he knew that purpose. The instruction to the jury on this point was sufficiently favorable to the defendant.

The same observations apply to the contention that there was no evidence that the peanuts delivered corresponded to the sample. Moreover, it appears that the sample shown at the time of sale was a "type sample," defined to mean

"a sample of a previous crop showing how the peanuts generally run."

The apparent inclusion in the verdict of certain items deducted as a total by the judge from the verdict, as the condition on which the plaintiff could retain the verdict for its balance, did not manifest such mistake, error, misunderstanding, dereliction of duty or abuse of trust on the part of the jury as to taint the validity of its action as a whole as matter of law. The judge had seen the witnesses and the jury and watched the course of the trial. He was in a better position than anybody else to reach a right conclusion on the point whether the verdict ought to stand or be set aside in its entirety.

No error of law or abuse of sound judicial discretion is revealed on this record in the disposition made by the judge of the motion for a new trial.

*Exceptions overruled.*